IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| DESIREE A. SHAW | § | |
| v. | § | CIVIL ACTION NO. 9:07cv146 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
ON PETITIONER'S POST-JUDGMENT MOTIONS

The Petitioner Desiree Shaw, proceeding *pro se*, filed this application for the writ of habeas corpus challenging the validity of her conviction. The Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

This is the second federal habeas corpus petition which Shaw has filed concerning this same conviction. Her first petition, styled Shaw v. Director, TDCJ-CID, Civil Action No. 9:05cv32, was dismissed on January 4, 2006, because of the expiration of the statute of limitations. Shaw appealed this decision, and on November 14, 2006, the Fifth Circuit denied her request for a certificate of appealability.

The present petition was dismissed on July 17, 2007, because Shaw failed to show that she had secured leave from the Fifth Circuit to file a successive petition, as required by 28 U.S.C. §2244(b). On August 20, 2007, Shaw filed a motion for a hearing, following this with a motion to compel discovery on August 22; these motions were denied on August 30, 2007.

Shaw then filed a motion for a declaratory judgment on September 7, 2007, following this with objections to the Report which recommended dismissal and a motion to stay or hold her case in abeyance. The Magistrate Judge construed these motions together as a motion to alter or amend the judgment under Rule 60(b), Fed. R. Civ. P.

1

On September 13, 2007, the Magistrate Judge issued a Report recommending that the motion to alter or amend the judgment be denied. The Magistrate Judge observed that neither the motion for a declaratory judgment nor the objections addressed the central issue in the case, which was that she is seeking to present a successive petition without first obtaining permission from the Fifth Circuit.

Shaw filed a notice of appeal of the Magistrate Judge's Report on September 27, 2007. Because Reports of the Magistrate Judge are not appealable, *see* Trufant v. Autocon, Inc., 729 F.2d 308, 309 (5th Cir. 1984), this notice of appeal will be considered as objections to the Magistrate Judge's Report.

In her notice of appeal, Shaw argues at length that she has newly discovered evidence showing that she is actually innocent and that the State suppressed favorable evidence. She says that this petition was not subject to the statute of limitations because it was a Rule 60 motion and not a successive petition under Gonzalez v. Crosby, 125 S.Ct. 2641 (2005). She says that she does not seek to present a successive petition in the district court without permission from the Fifth Circuit, but simply "seeks her initial right and privilege to hear evidence against her, be heard and present new and previously undisclosed evidence that demonstrates that it is more likely than not, in light of new evidence, that no reasonable juror or judge would have found her guilty beyond a reasonable doubt."

As the Magistrate Judge explained in the initial Report, recommending dismissal of the case as successive, Gonzalez v. Crosby holds that a Rule 60(b) motion is not treated as a successive habeas petition when it does not present a claim for habeas corpus relief. For example, the Rule 60(b) motion at issue in that case simply challenged the district court's ruling on the statute of limitations in his previous case, and did not assert any independent claims of error in the state court judgment. Consequently, the Supreme Court determined that the Rule 60(b) motion should not be treated as a successive petition.

Thus, the Magistrate Judge said, in order for Gonzalez to apply, Shaw's present petition could only challenge the application of the statute of limitations in her prior case, and not raise any claims of error in the state court judgment. However, the petition complains of an alleged failure to disclose exculpatory evidence, improper empaneling of the jury, ineffective assistance of counsel at trial, and denial of the right to appeal due to ineffective assistance of counsel. These are all substantive claims, the Magistrate Judge said, not merely challenges to the application of the statute of limitations, and so the present petition is successive under Gonzalez. Shaw's objections to the Report (contained within her notice of appeal dated September 27, 2007) recommending denial of her motion for reconsideration are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the post-judgment motions, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge dated September 13, 2007, is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Petitioner's motion to stay and motion for declaratory judgment (docket no.'s 16 and 17) are hereby DENIED. It is further

ORDERED that the Petitioner's motion for leave to proceed *in forma pauperis* on appeal (docket no. 23) is hereby DENIED, in that Shaw has filed a notice of appeal only of the Report of the Magistrate Judge, which is not an appealable order. *See, e.g.*, Burrell v. Torres, slip op. no. 95-40333 (5th Cir., October 19, 1995) (denying *in forma pauperis* status for an appeal of a non-appealable order by a magistrate judge denying appointment of counsel). Finally, it is

ORDERED that the Clerk shall accept no further motions, documents, pleadings, or exhibits in this case save and except for a notice of appeal of this order, and an application for leave to proceed *in forma pauperis* accompanying such notice of appeal.  Any improper instrument so received shall not be filed, but shall be returned to the Petitioner.  This order shall not prevent the Petitioner from seeking leave to file a successive petition from the Fifth Circuit Court of Appeals, nor from seeking relief in the district court should such permission be obtained.

So **ORDERED** and **SIGNED** this **9** day of **October, 2007.**

_____
Ron Clark, United States District Judge